IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| VENICEE HOWELL<br>2104 BOTT STREET<br>YOUNGSTOWN, OHIO 44505<br><br>PLAINTIFF,<br><br>V.<br><br>THE CITY OF YOUNGSTOWN, OHIO<br>C/O MARTIN HUME, ESQ.<br>LAW DIRECTOR<br>26 S. PHELPS ST.<br>YOUNGSTOWN, OHIO 44503<br><br>AND<br><br>THE HONORABLE JOHN MCNALLY<br>MAYOR OF THE CITY OF<br>YOUNGSTOWN, OHIO<br>26 S. PHELPS ST.<br>YOUNGSTOWN, OHIO 44503<br><br>DEFENDANTS. | CASE NO. _____<br><br>JUDGE _____<br><br><br>CLASS ACTION ALLEGATIONS<br>ENDORSED HEREON |

**COMPLAINT WITH CLASS ALLEGATIONS UNDER 42 U.S.C.§1983 FOR DENIAL OF EQUAL PROTECTION OF THE LAWS AND DUE PROCESS IN CONNECTION WITH THE PROVISION OF CITY SERVICES**

### A. INTRODUCTION

1. This is an action seeking injunctive relief and damages under 42 U.S.C. §1983 against the Mayor of the City of Youngstown, Ohio and the City of Youngstown, Ohio for providing city services, specifically surface water drainage or so-called storm sewers to Youngstown, Ohio residents in a racially discriminatory manner. Specifically, Plaintiff, Venicee Howell, seeks to represent the putative class of Youngstown, Ohio Black residents that reside in Youngstown's First and Second Wards, - specifically

Youngstown's Sharonline neighborhood, who have historically, on the basis of race, been denied equal City services yet required to pay equal fees and taxes.

## B.    PARTIES

2. Plaintiff, Venicee Howell is a resident of the City of Youngstown, Ohio. Ms. Howell has resided at 2104 Bott Street, Youngstown, Ohio 44505 since 1970. Ms. Howell resides in an area East of Lansdowne Boulevard, that runs to the Pennsylvania State line and Northeast to Hubbard, Ohio, and North of Oak Street to Liberty Township and is referred to locally as the "Sharonline."

3. The City of Youngstown, Ohio (hereinafter "the City"), is an Ohio municipality with a home rule charter under Section 1 Article XVIII of the Ohio Constitution. Under its inherent, statutory and home rule authority, the City has enacted plans, policies, and regulations to allocate City services and promote sanitation and control the flow of storm and surface water, as well as sewage within the City of Youngstown.

4. The Honorable John McNally is the Mayor and Chief Executive Officer of the City of Youngstown, Ohio. Mayor McNally is responsible for the overall management and allocation of City services. Mayor McNally is responsible for the past acts of racial discrimination committed by predecessor Mayors that have caused injury to Plaintiff and the putative class. Mayor McNally is sued in his official capacity

5. Defendants' actions complained of herein, are not the products of officially adopted or promulgated policies. The practices are part of long-standing customs and practices, that are not formally written but are pervasive, longstanding and thus have the force of law.The Sharonline has been the victim of a long history of racial discrimination by the City of Youngstown and its officials. Accordingly, these practices are subject to

redress in United States district court under 41 U.S.C Sec. 1983 and the Fourteenth Amendment Equal Protection and Due Process Clauses.

### C. JURISDICTION

6. Jurisdiction in this district court over this action arises under the provisions of 28 U.S.C. §1331 and 28 U.S.C. §1343. Plaintiff's claims are cognizable in federal court by reason of the provisions of 42 U.S.C. §1983 and the Fourteenth Amendment to the United States Constitution.

### D. VENUE

7. Venue in this action is properly laid in the Northern District of Ohio, Eastern Division, for the reason that jurisdiction is not founded solely on diversity of citizenship, Defendants all reside in the Northern District of Ohio, and a substantial part of the events which give rise to this action occurred in the Northern District of Ohio, Eastern Division.

### E. CLASS ALLEGATIONS

8. Ms. Howell brings this action under Rule 23 of the Federal Rules of Civil Procedure on behalf of herself and a class ("Class") and subclass ("Subclass"). The Class Period commenced on January 1, 1921.

9. Ms. Howell brings this action under Federal Rule of Civil Procedure 23(b)(1) on behalf of a class defined as:

> All Blacks who reside or have resided in the area known as the Sharonline, an area encompassing the City of Youngstown, Ohio East of Lansdowne Boulevard to the Pennsylvania State line , Northeast of Lansdowne Boulevard to Hubbard, Ohio and North of Oak Street to Liberty Township and have been denied storm sewers but charged for sewer service by the City of Youngstown, Ohio.

10. Ms. Howell also brings this action under Federal Rule of Civil Procedure 23(b)(2) on behalf of a class defined as set for the in Paragraph 6(b) for the reason adjudication of the issues raised here will be dispositive of the claims of all persons affected.

11. Ms. Howell also brings this action under Federal Rule of Civil Procedure 23(b)(3) on behalf of a class defined as set forth in Paragraph 6(b) for the reason questions of law common to the class predominate over the claims of individual class members.

12. The claims of Ms. Howell are typical of the claims of the Class and Subclass. Ms. Howell will fairly and adequately protect the interests of the Class and Subclass. Ms. Howell has no conflicts with any other Class or Subclass Member, and has retained competent counsel experienced in class action litigation.

13. Common questions of law and fact exist. Questions of law and fact are common to the Class and the Subclass and predominate over any questions affecting only individual Class and Subclass Members.

14. Class action treatment is a superior method for the fair efficient adjudication of the controversy described herein. A class action provides an efficient method whereby enforcement of the rights of Ms. Howell and defendants can be fairly managed.

## F. FACTUAL BACKGROUND

15. Plaintiff restates that which as been set forth above as though fully restated and incorporated herein.

16. The City of Youngstown, Ohio was founded in 1796 .The City was incorporated in 1867. A home rule Charter was adopted by the City in 1923.

17. Under its Home Rule Charter, the City has all powers of local self government and has adopted local sanitary practices, policies and regulations to control the flow of storm water and sewage and to manage surface water drainage within the City's limits.

18. The City also has the power to appropriate property under its power of eminent domain.

4

19. The City has, or should have under federal law, a dual system of sewers for controlling the flow of storm water and sewage.

20. Residents of the City of Youngstown, Ohio are charged, as part of their monthly water bill payment, fees for maintenance and operations of this dual sewer system.

21. Plaintiff Howell and her deceased spouse built the residence at 2104 Bott Street and began residing there in 1970. Since 1970 Plaintiff has been charged fees for a dual sewer system despite the long-standing absence of any storm sewers to serve her property.

22. Until recently, storm water was permitted to collect on the real estate's surface at 2104 Bott Street and drain by natural action. Storm sewers have now been extended to service 2104 Bott Street.

23. The area where Ms. Howell resides, commonly known as the Sharonline, was established in the period following the 1921 migration of Blacks from the South who were recruited to settle in Youngstown, Ohio in order to replace steelworkers, primarily from Eastern and Southern Europe, who had caused major labor disruption and unrest in Youngstown's steel industry which led to strikes and rioting that resulted in very substantial costs to steel companies and their owners.

24. In keeping with the practices of Youngstown- area banks, political leaders and real estate companies, steelworkers were channeled into housing areas segregated by race or ethnicity as a strategy calculated to undermine and minimize labor organization. The Sharonline community was developed to accommodate the housing needs of a predominantly Black steelworker population recruited to replace striking steelworkers from Eastern and Southern Europe.

25. The Sharonline community consisted primarily of streets that were unpaved, outhouses, earthen ditches to control surface water, drainage, no sidewalks or street lights and substantially lesser services than accorded to other parts of Youngstown, especially parts occupied by steel company executives and Whites.

26. The Sharonline historically has received substantially less attention than other parts of Youngstown and was predominantly, although not exclusively, a Black neighborhood .The Sharonline was considered a poor neighborhood.

27. Neighboring areas such as Coitsville were significantly more integrated, however, the Sharonline itself was established to accommodate Black steelworkers recently arriving as part of the early 1920's effort to recruit a less troublesome workforce, who would not be permitted to join labor unions. Due to the nature of its establishment Sharonline has been plagued by a long history of overt and intentional racial discrimination. And has received fewer City services.

28. By reason of the City's failure to provide equal protection of the laws to the Sharonline areas based upon race, City services such as the storm sewers in and around 2104 Bott Street for years did not exist , have not functioned properly which has and had resulted in the continuous backup of storm water onto Ms. Howell's land and others in the Class.

29. These back ups caused extensive damage to the foundation of 2104 Bott Street, and similarly situated houses, caused mold and mildew to accumulate within the residence, caused subsidence of the soil and greatly diminished the value and habitability of 2104 Bott Street.

6

30. The City has taken no actions to remedy these backups and has not compensated Ms. Howell, or others in the Class, for the loss of value of their land including 2104 Bott Street despite charging them for full sewer and other City services.

## G.     FIRST CLAIM FOR RELIEF

### DENIAL OF EQUAL PROTECTION

31. Plaintiff restates that which as been set forth above as though fully restated and incorporated herein.

32. At all times herein mentioned, Defendants were legally charged with a duty to, and did in fact undertake to, maintain, possess, control, repair, remedy, correct and/or improve the Youngstown storm sewer system. Defendants were legally charged with the duty of keeping the sewer system in a safe condition and to protect the adjacent or nearby properties and/or those living on adjacent or nearby properties against foreseeable injury, including plaintiff.

33. Plaintiff is informed and believes and based thereon alleges that Defendants ignored their duty to provide City services on a race neutral bases. Defendants have violated the Equal Protection Clause by discriminating on the basis of race in connection with storm sewers despite charging Plaintiff and others similarly situated for sewer service when Plaintiff and the class received lesser sewer service than Youngstown residents with both storm and sanitary sewers.

34. As a direct, foreseeable and proximate result of the acts and omissions of Defendants as alleged above, Plaintiff and the class have been harmed. The acts and omissions of Defendants as alleged above were a substantial factor in causing this harm.

7

35. Defendants are liable to Plaintiff and the Class for equitable relief, damages, attorneys fees ,interest and costs.

### H.  SECOND CAUSE OF ACTION

### DENIAL OF DUE PROCESS

36. Plaintiff restates that which as been set forth above as though fully restated and incorporated herein.

37. Defendants have denied Plaintiff and the Putative Class Due Process of Law by allocating City services in a racially invidious and discriminatory manner rather then on the basis of rational considerations.

38. Defendants' conduct has been so pervasive and long standing that it is shocking to the conscience as a blatant perpetuation of  past unlawful racial discrimination.

39. Defendants are liable for compensatory damages ,interest ,attorneys fees and costs

### I.      THIRD CAUSE OF ACTION

### INVERSE CONDEMNATION

40. Plaintiff restates that which as been set forth above as though fully restated and incorporated herein.

41. The acts and omissions of Defendants, as alleged herein, has resulted in mold and other toxins entering and penetrating into Plaintiff's home.  These toxins have dispersed and migrated and continue to penetrate Plaintiff's property.

42. The acts and omissions of Defendants, as alleged herein, constitute a physical invasion and unlawful taking  of Plaintiff's real property by unlawfully  placing a burden on this property that is direct, substantial and peculiar to it.

43. Plaintiff is informed that the conditions and circumstances alleged above were created by Defendants, or its employees or agents acting within the scope of their employment or agency. Alternatively, Defendants had actual and/or constructive notice of the aforesaid conditions and circumstances for a sufficient time prior to the injuries to Plaintiffs to have taken measures to protect against it in that their conditions and circumstances had existed for such a period of time and were of such an obvious nature to Defendants that in the exercise of reasonable and due care, Defendants should have discovered and/or recognized the same.

44. As As a direct and proximate result of the conduct by Defendant, Plaintiff has been harmed. The conduct by Defendant as alleged above was a substantial factor in causing said Plaintiff's harm.

**WHEREFORE**, Plaintiff requests the following:

1. Certification of a class following the filing of an appropriate motion. A preliminary and permanent injunction enjoining Defendants' acts and practices which infringe upon Plaintiff's rights and interests, violates any provision of federal or Ohio law that require equal distribution of City services

2. Other appropriate equitable relief (i) to redress the above violations or (ii) to enforce Plaintiff's property rights and interests.

3. Damages in an amount not less than $75,000.00

4. Attorneys fees under 4 U.S.C. §1988, interest and costs and such other relief as the Court deems just.

*s/Percy Squire*
Percy Squire, Esq. (0022010)
Percy Squire Co., LLC
341 S. Third Street, Suite 10
Columbus, Ohio 43215
614-224-6528 (T)
psquire@sp-lawfirm.com