PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| VENICEE HOWELL, | ) | |
| | ) | CASE NO. 4:17CV2320 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| THE CITY OF YOUNGSTOWN, OHIO, *et al.*, | ) | |
| | ) | |
| | ) | **MEMORANDUM OF OPINION AND ORDER** [Resolving ECF No. 4] |
| Defendants. | ) | |

**I.**

Pending is Plaintiff's Corrected Motion for Class Certification, pursuant to Fed. R. Civ. P. 23(a), 23(b)(2), and 23(b)(3). ECF No. 4. Defendants oppose, on the ground that Plaintiff's motion fails to make the requisite showings to satisfy the requirements for class certification under Fed. R. Civ. P. 23. ECF No. 11. For the reasons that follow, Plaintiff's motion (ECF No. 4) is denied without prejudice to be refiled at a later time, if appropriate.

**II.**

Plaintiff Venicee Howell is the named plaintiff in the above-entitled putative class action against Defendants The City of Youngstown, Ohio and the Honorable Mayor John McNally. The Complaint alleges that Defendants violated the provisions of 42 U.S.C. § 1983 and the Fourteenth Amendment by denying Plaintiff and other similarly-situated Black residents who reside in Youngstown's "Sharonline" neighborhood equal city services to a dual system of

(4:17CV2320)

sewers for controlling the flow of storm water and sewage (otherwise known as "storm sewers") within their residential community.[1] ECF No. 1. Plaintiff asserts that, due to Defendants' long-standing racially discriminatory practice, storm sewers in Sharonline neither existed or functioned properly, which resulted in the continuous backup of storm water onto Plaintiff's residential property and of those similarly-situated. Id. at PageID#: 6, ¶ 28. Plaintiff alleges that the storm water backups have caused extensive damage to her property and of those similarly-situated, in the form of mold and mildew accumulation within their residences, damage to their property's foundation, and diminishment of property value and habitability. Id. at ¶ 29. Despite Defendants' failure to provide storm sewers, Plaintiff and other similarly-situated Black residents of Sharonline have been charged, as part of their monthly water bill payment, fees for maintenance and operations of the dual water system. Id. at PageID#: 5, ¶ 20. Recently, storm sewers have been extended to service Plaintiff's residential property. Id. at ¶ 22.

Plaintiff requests that the Court enter a preliminary and permanent injunction, enjoining Defendants from continuing their alleged discriminatory practices of engaging in unequal distribution of city services, and compensate her and those similarly-situated for the loss of value of their land. Id. at PageID#:9.

On November 16, 2017, Plaintiff moved for certification of the following class:

All Blacks who reside or have resided in the area known as the Sharonline, an area encompassing the City of Youngstown, Ohio East of Lansdowne

---

[1] The Complaint, Plaintiff refers to the "Sharonline" neighborhood as the area East of Landsowne Boulevard, that runs to the Pennsylvania State line and Northeast to Hubbard, Ohio, and North of Oak Street to Liberty Township. ECF No. 1 at PageID#: 2, ¶ 2.

(4:17CV2320)

> Boulevard to the Pennsylvania State line, Northeast of Lansdowne Boulevard to Hubbard, Ohio and North of Oak Street to Liberty Township and have been denied storm sewers but charged for sewer service by the City of Youngstown, Ohio.

*Id.* at PageID#: 3, ¶ 9. Plaintiff also moves the Court to appoint the named Plaintiff, Venicee Howell, as class representative, and to appoint Attorney Percy Squire, as class counsel. ECF No. 4 at PageID#: 42.

Defendants oppose, asserting that Plaintiff's motion is unsupported by evidence and fails to satisfy the requirements of Rule 23(a), 23(b)(2), and 23(b)(3). ECF No. 11 at PageID:# 98. Specifically, Defendants argue that "Plaintiff relies solely on the allegations in her Complaint in support of her Motion and . . . has failed to conduct any discovery which would support a Motion for Class Certification." *Id.*

### III.

The principal purpose of class actions is to achieve efficiency and economy of litigation, with respect to both the parties and the courts. *See Gen. Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 159 (1982). Before certifying a class, the district court must conduct a "rigorous analysis" of the prerequisites of Federal Rule of Civil Procedure 23. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 51 (2011). A district court has broad discretion in deciding whether to certify a class, although it must exercise that discretion within the framework of Rule 23. *Beattie v. Century Tel, Inc.*, 511 F.3d 554, 559 60 (6th Cir. 2007); *In re American Med. Sys.,Inc.*, 75 F.3d 1069, 1079 (6th Cir. 1996).

(4:17CV2320)

"Rule 23 does not require a district court, in deciding whether to certify a class, to inquire into the merits of the plaintiff's suit." Beattie, 511 F.3d at 560. In evaluating whether class certification is appropriate, however, "it may be necessary for the court to probe behind the pleadings," because the relevant issues are often "enmeshed" within the legal and factual considerations raised by the litigation. Falcon, 457 U.S. at 160.

The party seeking class certification bears the burden of establishing that the requisites are met. Alkire v. Irving, 330 F.3d 802, 820 (6th Cir. 2003). Meeting the requirements of "Rule 23(a) requires something more than mere repetition of the rule's language; '[t]here must be an adequate statement of the basic facts to indicate that each requirement of the rule is fulfilled.'" Young v. Nationwide Mut. Ins. Co., 693 F.3d 532, 537 (6th Cir. 2012) (quoting Pipefitters Local 636 Ins. Fund v. Blue Cross Blue Shield of Mich., 654 F.3d 618, 629 (6th Cir. 2011)). Ordinarily, this means the class determination should be predicated on evidence the parties present concerning the maintainability of the class action. Id. (internal citation omitted).

Allegations are unproven assertions. Plaintiff relies on the allegations in the Complaint to support her motion for Class Certification. The Court needs more than unproven allegation to determine whether the prerequisites of Rule 23 have been met. See Fulton v. Enclarity, Inc., 2016 WL 10459385 (E.D. Mich. Nov. 8, 2016) (denying the plaintiff's motion for class certification as premature because "other than the Complaint and exhibits thereto, there was no record before the Court" to engage in a "rigorous analysis" required to determine whether Plaintiff met the class certification requirements); Sivak v. United Parcel Serv. Co., 2014 WL 12597623 (E.D. Mich. Jan. 21, 2014) (denying the plaintiffs' motion for class certification

(4:17CV2320)

without prejudice for failure to support their motion with any evidence). Recognizing its prematurity, Plaintiff requests "an opportunity for discovery" to determine "the number (as well as the identity) of potential class members . . . ." ECF No. 4 at PageID#: 47. When reviewing a motion for class certification, the "class definition must be sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member of the proposed class." *See* Young, 693 F.3d at 537 (quoting 5 James W. Moore *et al.*, Moore's Federal Practice § 23.21[1] (Matthew Bender 3d ed. 1997)) (internal quotation marks omitted).

Plaintiff's unsupported allegations of Defendants' alleged discriminatory practice, do not rise to the level of "significant proof" required to permit certification of a class. *See* Wal-Mart Stores, Inc., 564 U.S. at 351 53 (explaining that Rule 23 does not set forth a mere pleading standard. A party seeking class certification must affirmatively demonstrate his compliance with the Rule that is, he must be prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact, etc.). Although Rule 23 provides that a class certification shall be decided as soon as practicable after the commencement of an action, "this does not mandate precipitate action. The court should defer decision on certification pending discovery if the existing record is inadequate for resolving the relevant issues." *In re Am. Med. Sys., Inc.*, 75 F.3d at 1086.

In this case, the Court finds that a determination of whether to certify Plaintiff's class at this juncture is premature because Plaintiff has not yet presented supporting evidence. Therefore, the Court cannot, at this time, conduct the "rigorous analysis" required to determine whether Plaintiff has satisfied Rule 23 prerequisites. *See* Wal-Mart Stores, Inc., 564 U.S. at 350 51.

5

(4:17CV2320)

## IV.

For the reasons stated above, Plaintiff's Corrected Motion for Class Certification (ECF No. 4) is denied without prejudice to being refiled at a later time, if appropriate. In light of the above findings, the Court concludes that limited discovery and potential further motion practice is warranted before the Court considers the issue of whether to certify the class.

    IT IS SO ORDERED.

| | |
|---|---|
| February 20, 2018 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |